

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---
## NO. PD-1003-20
---

### JUSTIN SHANE KING, Appellant

### v.

### THE STATE OF TEXAS

---
### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### FREESTONE COUNTY
---

**NEWELL, J., filed a concurring opinion in which HERVEY and WALKER, JJ., joined.**

The court of appeals held that the error in this case—Appellant's absence from a pre-trial conference attended in full by his attorney—was harmless under both the constitutional and statutory standards for

determining harm.[1]  Appellant primarily argues before this Court that this is the rare case in which it is impossible for a reviewing court to conduct a meaningful harm analysis because the record is silent regarding a portion of that pre-trial conference.  Specifically, he relies upon our unanimous holding in *VanNortrick v. State* to support his argument.  Rather than analyze whether error occurred in this case or even analyze the proper standard of harm, I would simply distinguish *VanNortrick* and affirm the court of appeals.

In *VanNortrick*, we held that a trial court's error in failing to admonish the defendant regarding the immigration consequences of his guilty plea (as article 26.13 of the Code of Criminal Procedure requires) was not harmless.[2]  We explained that analyzing harm requires a reviewing court to conduct an independent examination of the record as a whole.[3]  Further, neither party carries a burden to prove harm or harmlessness resulting from the error.[4]

---

[1] *King v. State*, 10-19-00354-CR, 2020 WL 5667148 at *3 (Tex. App.—Waco Sept. 23, 2020).

[2] *VanNortrick v. State*, 227 S.W.3d 706 (Tex. Crim. App. 2007).

[3] *Id.* at 708-709.

[4] *Id.* at 709.

But we also explained that the record was insufficient to establish the defendant's citizenship.[5]  And, because of the silent, or nearly silent record, we would be required to speculate about whether the defendant would have changed his mind about his guilty plea had he been properly admonished.[6]  Ultimately, we held that a silent record on the issue of citizenship or a record that is insufficient to determine citizenship establishes harm for non-constitutional error.[7]  Moreover, the record was also silent, or at least insufficiently vocal, about the defendant's thought process in pleading guilty and what effect admonishments regarding immigration consequences would have had on the defendant's decision to plead.

Appellant argues in this case that the silent record regarding the portion of the pre-trial conference requires the same result as in *VanNortrick.*  But it doesn't.  Unlike in *VanNortrick*, in this case we can still conduct an independent review of the record to determine if any error (constitutional or non-constitutional error) flowing from Appellant's absence from the pre-trial proceeding resulted in harm.

---

[5] *Id.* at 713.

[6] *Id.* at 714.

[7] *Id.*

While we may not know what transpired during the off-the-record bench conference, we can still look at the rest of the proceedings to see if, for example, the discussion "impacted the trial court's attitude towards the defendant" as the dissent below suggested.[8]

There is no indication from the remainder of the proceedings that Appellant was precluded from advancing his preferred strategy, involuntarily waived any rights, or even received any erroneous rulings from the trial court. More generally, nothing in the remainder of the proceedings indicates that the trial court or Appellant's counsel deprived Appellant of a fair trial. Unlike the situation in *VanNortrick*, we are not left to speculate as to the effects of what occurred off the record because, unlike in *VanNortrick*, we can judge the effects of what occurred off the record in this case by looking at what occurred on the record. We can independently examine the record as a whole (not merely the record of the pre-trial conference) to determine whether there is fair assurance that whatever occurred during the pre-trial conference did not impact the rest of the proceedings adversely to Appellant. It did not. Looking at the record as a whole, I see nothing

---

[8] *King*, 2020 WL 5667148 at *4 (Gray, CJ., dissenting).

that indicates that Appellant's absence from the pre-trial conference resulted in either constitutional or non-constitutional harm.

The court of appeals held that any error was harmless. I do not believe this Court improves upon that analysis. We could easily just dismiss this case as improvidently granted. Or we could remand the case to the court of appeals to reconsider its analysis in light of *VanNortrick* given that neither party addressed this issue below. But since we granted discretionary review to essentially determine whether the record is sufficient to conduct a meaningful harm analysis, I would simply hold that it is and affirm the court of appeals' harm analysis. The rest of the Court's analysis is unnecessary.

With these thoughts, I concur.

Filed: February 22, 2023

Publish